## IN RE BIRKIGT.

---

PATENTS; PATENTABILITY; ANTICIPATION.

Claims of an applicant for a process for protecting the interior of a water jacket, composed of aluminum, of an internal combustion engine, from corrosion by applying thereto a liquid medium under a pressure sufficient to cause the same to penetrate the walls of the jacket, and, after removing the surplus liquid, heating the jacket to dry the coating, were *held* to be anticipated by references cited which called for forming protective coatings on iron vessels by brushing or dipping and by pressure, as it was neither asserted nor shown that there is more difficulty involved in protecting an aluminum surface than in doing the same thing for an iron surface.

No. 1203. Patent Appeals. Submitted January 17, 1919. Decided February 3, 1919.

---

HEARING on an appeal from a decision of the Commissioner of Patents rejecting the claims of an application for a patent.

*Affirmed.*

The facts are stated in the opinion.

*Mr. James L. Norris, Mr. W. G. Henderson, Mr. John S. Powers,* and *Mr. C. A. Bateman* for the appellant.

*Mr. Theodore A. Hostetler* for the Commissioner of Patents.

Mr. Chief Justice SMYTH delivered the opinion of the Court:

Marc Birkigt applied for a patent covering a process for protecting the interior of a water jacket of an internal combustion engine from corrosion by applying thereto a liquid medium under a pressure sufficient to cause the same to penetrate the walls of the jacket, and, after removing the surplus liquid, heating the jacket to dry the coating. He made five claims. Claims 4 and 5 relate to the process and 1, 2, and 3 to the water jacket after it has been subjected to the coating. Claims 3 and 4 illustrate them all:

"3. A water jacket for internal combustion engines composed of aluminum having the surface of the interior walls of its water chamber and the pores of the aluminum adjacent to said interior walls protected and closed, respectively, by a noncorrosive medium.

"4. The herein described process of treating the interior walls of the water chamber of a water jacket composed of porous metal, which consists in filling the interior water chamber of the water jacket with a liquid medium capable of preventing corrosion of the metal and which is capable of drying, subjecting the said liquid medium while contained in said chamber to a pressure sufficient to cause said medium to penetrate the pores of the interior walls of the chamber, removing said liquid medium from the water chamber and then heating the water jacket to dry the liquid medium in the pores and on the surface of the interior walls of the water chamber."

All the claims were rejected on reference to patents 77,186 to Greene, 126,909 to Sterling, 766,506 to Lapp.

The Lapp patent discloses a method of forming a protective coating on iron vessels. "The vessels may be placed in a bath of the protecting liquid and kept there at a high temperature for

a considerable period of time and the film of oil which adheres to the metal allowed to cool." It is also stated in that patent that the oil may be applied with a brush and the articles then submitted to the action of heated air under pressure, and that the process may be varied by first submitting the oil-coated surfaces to the action of hot air without pressure, and then to hot air under pressure, finally to hot air without pressure.

The patent to Sterling describes the process of "forming a nonoxidizing coating on iron articles and forcing paraffin into the pores of the metal. By this process the articles are submerged in melted paraffin in a vessel which should be hermetically closed, and pressure is applied thereto."

From this it must appear that "Lapp discloses the entire process except the driving of the liquid into the pores of the metal by pressure on the liquid bath." But with respect to this the Sterling method of dipping under pressure could be substituted without invention for the brushing or dipping method employed by Lapp.

While the water jacket may be commercially novel, this is not enough to render it patentable,—it must contain invention. We have seen that the process of protecting the surface of iron is old in the art, and, this being so, there is nothing patentable in utilizing it in protecting the surface of the water jacket, for it is neither asserted nor shown that there is more difficulty involved in protecting an aluminum surface than in doing the same thing for an iron surface.

The decision of the Commissioner of Patents in rejecting the claim is affirmed.                                *Affirmed.*